UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAPESTRY, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation; and COACH IP HOLDINGS LLC, a Delaware Limited Liability Company<br><br>                              Plaintiffs<br>    -vs-<br><br>CHUNMA USA, INC., a California Corporation; and DOES 1-10, inclusive,<br><br><br>                    Defendants. | Civil Action No.<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES** |

Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC through their undersigned counsel, for their claims against Defendant Chunma USA, Inc. respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs file this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of New York.

2.      This Court has subject matter jurisdiction over the Federal trademark infringement claim and all other claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.      This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district, the acts complained of occurred in this judicial district, and/or Defendant has certain minimum contacts with New York such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice by virtue placing the products at issue into the stream of commerce within the State of New York.

4.     This action arises out of wrongful acts by Defendant within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Tapestry, Inc. ("Tapestry") is a corporation duly organized and existing under the laws of the state of Maryland, with its principal place of business in New York, New York.

6.     Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the state of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly owned subsidiary of Tapestry, Inc.

7.     Plaintiff Coach IP Holdings LLC is a limited liability company duly organized and existing under the laws of the state of Delaware with its principal place of business in New York, New York. Coach IP Holdings LLC is a wholly owned subsidiary of Tapestry, Inc.

8.     Upon information and belief, Defendant Chunma USA, Inc. ("Defendant") is a corporation duly organized and existing under the laws of the state of California, with a principal place of business located at 2000 E. 25th St., Vernon, California 90058.

9.     Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC (hereinafter collectively, "Plaintiffs" or "Coach") are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe

and based thereon allege that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    The World-Famous Coach Brand and Products

11.     Coach was founded in 1941 as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products, including, but not limited to, handbags, wallets, accessories, eyewear, footwear, clothing, outerwear, jewelry and watches (collectively, the "Coach Products").  Coach Products are sold throughout the United States, including in New York, through COACH retail stores and outlet stores, through various department stores, and via the Internet websites located at www.coach.com and www.coachoutlet.com.

12.     Coach Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative designs.  Among the purchasing public, genuine Coach Products are instantly recognizable as such.

13.     Both in the United States and internationally, the Coach brand has come to symbolize high quality, and Coach Products are among the most

recognizable handbags and accessories in the world.  Whether made entirely of leather or in combination with printed or other components, genuine Coach Products are greatly coveted as premier fashion accessories of the highest quality.

14.    The unique mix of function, workmanship, fashion and style that goes into each and every genuine Coach Product, as well as the brand's exclusive cache, results in Coach Products commanding a relatively high price at retail.  The brand's loyal customer base willingly pays more for genuine Coach Products than they would pay for lesser products both because Coach Products are of higher quality and durability than competitors' products and because of the prestige associated with genuine Coach Products.

### B.    The Coach Trademarks

15.    Since 1941, high quality leather goods have been sold under the "COACH" trademark.  Over time, the types of goods sold under the "COACH" mark have expanded extensively to include all of the Coach Products, and the Coach Products have long been among the most popular luxury lifestyle items.  The "COACH" mark itself is iconic, symbolizing a unique blend of fashion, craftsmanship, style, and function, whether associated with handbags or other Coach Products.

16.    Coach owns the trademark and trade name "COACH" for Coach Products, as well as numerous other highly distinctive marks, including, but not limited to, those pictured here:





*The "Signature C Mark"*          *The "COACH Lozenge"*          *The "Op Art C Mark"*

  

*The "Horse and Carriage Logo"*          *Collectively, the "Story Patch"*

17.    Coach incorporates a variety of distinctive marks in the design of its various handbags, wallets and other Coach Products. Coach Products typically include at least one federally registered trademark. Often several registered trademarks appear on a single Coach Product. These trademarks are also used in connection with the marketing of Coach Products. Coach and its predecessors have achieved annual sales volume of more than four billion dollars ($4,000,000,000) on products bearing Coach's trademarks.  As such, Coach's trademarks, and the goodwill associated therewith, are among some of its most valuable assets.

18.    Coach and its predecessors have registered many of its trademarks with the United State Patent and Trademark Office, including, *inter alia*, the following marks attached hereto and incorporated herein as Exhibit A, which are collectively referred to as the "Coach Trademarks."

19.    The registrations for the Coach Trademarks are valid, subsisting, in full force and effect and a majority have become incontestable pursuant to 15 U.S.C. § 1065.  All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation, Saramar Corporation, and Coach Services, Inc. have been assigned in full to Coach.

20.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

21.     The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to

use the Coach Trademarks in connection with the goods identified therein and on other commercial goods.

22.     The registrations of the Coach Trademarks also provide sufficient notice to Defendant of Coach's ownership of and exclusive rights in the Coach Trademarks.

23.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks.  As a result, products bearing the Coach Trademarks are widely recognized as being high quality products and are exclusively associated by consumers, the public, and the trade with the Coach brand owned by Coach.  The Coach Trademarks have therefore acquired strong secondary meaning and signal to consumers that Coach is the exclusive source of Coach Products bearing the Coach Trademarks.

24.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

**C.     Coach's First Lawsuit Against Chunma**

25.     On or around November 20, 2009 Coach Services, Inc. filed a lawsuit against Defendant for trademark infringement, copyright infringement, trademark dilution, false designations of origin, and related California common and state law claims arising from Defendant's sale of handbags bearing marks that infringed upon Coach's Signature C Mark. (*See Coach Services, Inc. v. Chunma USA, Inc., et al.*, Case No. 2:09-cv-08583-PA (FFMx) (the "2009 Action"), Docket No. 1) Exemplars of Defendant's products at issue in 2009 Action are shown below.



**Defendant's Products at Issue in 2009 Action**

26.     As such, since at least as early as November 2009, Defendant has unmistakably been on actual notice and fully aware of Coach's ownership and exclusive rights to the Signature C Mark, amongst other Coach Marks.

27.     On February 19, 2010, Coach Services, Inc. filed an amended complaint to add a claim for cancellation of a trademark registered by Defendant. (2009 Action, Docket No. 61).

28.     On September 16, 2010, the parties settled the claims between them and ultimately filed a stipulation to dismiss the case. (2009 Action, Docket Nos. 110, 112, 113)

**D.    Defendant's Continued Acts of Infringement and Unfair Competition**

29.     Upon information and belief Defendant continues to engage in the

design, manufacture, advertisement, promotion, distribution, sale, and/or offering for sale of products bearing logos and source-identifying indicia and design elements that are studied imitations of the Signature C Mark (hereinafter referred to as the "Accused Product(s)").  Defendant's specific conduct includes, among other things, the offering for sale and sale of handbags and accessories bearing marks and designs that are substantially indistinguishable from and/or confusingly similar to the Signature C Mark.

    30.    In 2019 an investigator for Plaintiffs purchased Accused Products from Defendant, exemplars of which are shown below:





31.     Defendant is well-aware of the extraordinary fame and strength of the Coach brand, trademarks and products, and the incalculable goodwill associated therewith.

32.     Defendant has no license, authority, or other permission from Plaintiffs to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Accused Products.

33.     Defendant has been engaging in the above-described illegal and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiffs' rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Signature C Mark, and Plaintiffs' products.

34.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendant, the Accused Products, and Coach.

35.     Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Accused Products.

36.      As a result of Defendant's activities Plaintiffs have suffered substantial damages and have suffered and continue to suffer irreparable injury without an adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement)**

**[15 U.S.C. § 1114]**

37.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

38.     Defendant, without authorization from Coach, has used and continues to use spurious designations that are confusingly similar to the Signature C Mark.

39.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

40.     Upon information and belief, Defendant has acted with knowledge of Plaintiffs' ownership of the Signature C Mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

41.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

42.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

43.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

44.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

45.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by

Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Advertising as to Defendant)
### [15 U.S.C. § 1125]

46.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

47.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Accused Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Accused Products, and is intended and likely to cause such parties to believe, in error, that the Accused Products have been authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or that Defendant is in some way affiliated with Coach.

48.     The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

49.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

50.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

51.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Injury to Business Reputation as to Defendants)

**[NY General Business Law § 360-1]**

52.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

53.     Due to Plaintiffs extensive sales, and significant marketing and promotional activities, the Signature C Mark has achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

54.     The arbitrary and distinctive Signature C Mark identifies Coach as the source/origin of the goods on which the Signature C Marks appear.

55.     Defendant has caused and will continue to cause irreparable injury to Coach's goodwill and business reputation, in violation of New York, General Business Law § 360-1 (2003).

56.     In light of the foregoing, Coach is entitled to injunctive relief prohibiting Defendant from using the Signature C Mark, and to recover all damages, including attorneys' fees, that Coach has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **FOURTH FOR RELIEF**

**(Violation of Unfair Competition Under the State Laws of New York)**

57.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

58.     Defendant's infringement of Plaintiffs' Signature C Mark constitutes unfair competition in violation of the common laws of the state of New York

59.     Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

60.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using Plaintiffs' Signature C Mark, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and costs of this action.

61.     The conduct herein complained of was deliberate, willful, and/or in reckless disregard of Plaintiffs' rights.  Said conduct supports an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement as to Defendants)

62.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

63.     Plaintiffs own all rights, title, and interest in and to the Signature C Mark, including all common law rights in said mark.

64.     Defendant, without authorization from Plaintiffs, has used and continues to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Signature C Mark.

65.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Accused Products originates from, or are affiliated with, sponsored by, or endorsed by Coach.

66.     Upon information and belief, Defendant has acted with knowledge of Plaintiffs' ownership of the Signature C Mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

67.     Defendant's acts constitute trademark infringement in violation of the common law of the State of New York.

68.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

69.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

70.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC respectfully requests that this Court enter judgment in their favor and against Defendant Chunma USA, Inc. as follows:

1.     Finding that:

   a.     Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

   b.     Defendant has engaged in trademark infringement and unfair competition under the common law of the state of New York;

   c.     Defendant has caused injury to Plaintiffs' business reputation in violation of New York General Business Law, § 360-1, et. seq.; and

2.     An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using the Coach Trademarks, including, but not limited to:

   a.     Manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the Coach Trademarks or any other marks substantially indistinguishable from or confusingly similar thereto, including, without limitation, the Accused Products,

and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks; or

        b.    Engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or designs associated with the Coach® brand;

3.    Ordering Defendant to recall from any distributors and retailers and to deliver to Plaintiffs for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, designed, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Plaintiffs, or is related in any way related to, connected to, or affiliated with the Coach® brand;

6.    Awarding Plaintiffs actual and punitive damages to which they are entitled under applicable federal and state laws;

7.    Awarding treble damages in the amount of Defendant's profits or Plaintiffs' damages, whichever is greater, for willful infringement;

8.    Awarding applicable interest, costs, disbursements and attorneys' fees;

9.     Awarding Plaintiffs punitive damages in connection with their claims under New York law; and

10.    Awarding Plaintiffs such additional and further relief as the Court deems just and proper.


Dated:  January 10, 2020                    Respectfully Submitted,


                                            By:

                                            Brent H. Blakely (BB1966)
                                            Blakely Law Group
                                            1334 Parkview Avenue, Suite 280
                                            Manhattan Beach, CA 90266
                                            Telephone: (310) 546-7400
                                            *Attorneys for Plaintiffs Tapestry,*
                                            *Inc. Coach Services, Inc., and*
                                            *Coach IP Holdings LLC*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC hereby demand a trial by jury as to all claims in this litigation.

Dated:  January 10, 2020                    Respectfully Submitted,

By:

Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
***Attorneys for Plaintiffs Tapestry,
Inc. Coach Services, Inc., and
Coach IP Holdings LLC***

# EXHIBIT A

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for leather goods, namely, utility kits, portfolios, key cases, comb cases, pass cases, money clips, billfolds, Wallets, pocket secretaries, stud cases, jewel cases, and leather book covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries. | February 26, 2013 | COACH NEW YORK |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |

COMPLAINT FOR DAMAGES

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,365,899 | COACH OP ART | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 | |
| 4,391,741 | COACH LEATHER WARE EST. 1941 [Heritage Logo] | 3 for after-shave; body lotions; fragrances; make-up; perfumes; soaps for personal use. | August 27, 2013 | |
| 4,296,582 | COACH EST. 1941 NEW YORK | 14, 16, 18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 | |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 | |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 | |
| 4,334,351 | COACH & TAG | 9 for protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & TAG | 14 for bracelets; earrings; jewelry; necklaces; rings being jewelry; watches. | September 22, 2009 | |

21

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,715 | COACH NEW YORK & DESIGN | 18 for *inter alia* handbags, small leather goods, luggage, umbrellas | May 26, 2015 | |
| 4,744,718 | COACH NEW YORK & DESIGN | 25 for *inter alia* clothing, coats, belts, gloves, shoes | May 26, 2015 | |
| 4,744,719 | COACH NEW YORK & DESIGN | 3 for fragrances, leather cleaners and moisturizers | May 26, 2015 | |
| 4,744,720 | COACH NEW YORK & DESIGN | 9 for sunglasses, eyewear, cell phone cases, tablet covers and cases | May 26, 2015 | |
| 4,744,721 | COACH NEW YORK & DESIGN | 14 for jewelry and watches | May 26, 2015 | |
| 4,744,722 | COACH NEW YORK & DESIGN | 20 for *inter alia* key fobs and key rings not of metal | May 26, 2015 | |
| 4,814,094 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; cosmetic cases sold empty; and toiletry cases sold empty. | September 15, 2015 | |
| 4,754,870 | COACH NEW YORK | 3, 6 for fragrances; key fobs of common metal; and metal rings and chains for keys. | June 16, 2015 | COACH NEW YORK |
| 5,004,497 | COACH 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, clothing, coats and shoes. | July 19, 2016 | COACH 1941 |
| 5,045,622 | HANGTAG SHAPE | 18 for *inter alia* briefcases, handbags, | September 20, 2016 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| | DESIGN | satchels, tote bags, duffle bags, cosmetic bags, wallets, luggage. | |  |