LAW OFFICES OF

# JAMES J. CHO

3333 WILSHIRE BLVD, SUITE 320
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 269-4684   FACSIMILE (213) 269-4757

---

<u>VIA ECF</u>

June 25, 2020

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*The motion to seal is temporarily granted. The Court will decide whether the documents should remain sealed when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 32. SO ORDERED.*

*June 26, 2020*

Re: <u>Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC v. Chunma USA, Inc., et al.</u>;
Case No. 1:20-cv-00271-JMF
<u>LETTER MOTION</u> TO FILE SEALED DOCUMENTS

Dear Judge Furman:

I represent Defendant Chunma USA, Inc. I write this Letter Motion to respectfully request that the Court allow the filing of Defendant's <u>Supplemental</u> Memorandum of Law in Opposition to Motion for Default Judgment ("Supplemental Memorandum") and the <u>Supplemental</u> Declaration of James J. Cho in Opposition to the Motion for Default Judgment ("Supplemental Declaration") as sealed documents.

On June 23, 2020, I filed the Supplemental Memorandum with a redacted version of the exhibits attached to the <u>Supplemental</u> Declaration which was filed as an attachment to the Supplemental Memorandum. (Docket No. 31). Then, I tried to file the same two documents under seal, but, in so doing, I realized that I needed to obtain the Court's consent to file the documents under seal. Apologetically, I had mis-read the Court's Individual Rules and Practices ("Court's Rules") and thought that we did not need the Court's consent for both redacting *and* filing under seal when sensitive medical information is contained in the documents. I truly apologize for my inadvertence, and any inconvenience and/or confusion so caused.

Consequently, I reached out to Plaintiffs' counsel in order to meet and confer pursuant to Paragraph 7(C)(i) of the Court's Rules. I respectfully invited the Court's attention to the attached e-mails that I sent to Plaintiffs' counsel and the confirmation of the telephonic conference that I had with his firm ("Meet and Confer E-mails") (Attached hereto as **Exhibit 1**) (As noted before, the time on my e-mail account is ahead by an hour for some reason). Counsel for Plaintiffs agreed to the redacting and sealing of the Supplemental Memorandum and the Supplemental Declaration in the manner described herein and the Meet and Confer E-mails.

Specifically, I would like to attach the three documents, that were e-mailed to the Court's Chambers and also sent to Plaintiffs' counsel on 6/22/2020 ("6/22 e-mail"), as Exhibits 1, 2, and 3 to the Supplemental Declaration. I would also like to reference the same three exhibits in the Supplemental Memorandum by way of the relevant paragraph in the Supplemental Declaration.

The three documents that were attached to the 6/22 e-mail contain significantly sensitive medical information. [I respectfully invite the Court's attention to the 6/22 e-mail and the three documents attached thereto.] Previously, I had incorporated by reference the three documents attached to the 6/22 e-mail in the original Declaration and the Memorandum, instead of attaching them as exhibits.

I will file the [Proposed Sealed] Supplemental Memorandum and the [Proposed Sealed] Supplemental Declaration with its attending exhibits immediately after filing this Letter Motion. As the Court will see, nothing in the original Memorandum and Declaration will change, they are merely being supplemented with exhibits which contain documents that have already been sent to the Court and to Plaintiffs' counsel on June 22, 2020. With the Proposed Sealed documents, I am requesting that the whole of Exhibits 2 and 3 be redacted and filed under seal, as the entirety of the two documents are confidential (I was not able to highlight the entire text of Exhibit 2 for some reason). I am also asking that the highlighted portions of Exhibit 1 be redacted. Without going into details, I ask that paragraph 3 of Exhibit 1 be redacted because the document described therein should have been sent by e-mail.

Furthermore, all three documents were incorporated by reference in the original Memorandum and the Declaration, thereby giving Plaintiffs notice that the documents were being used for the Opposition. Moreover, Plaintiffs have agreed to the sealing and redacting of the documents according to the parameters requested in this Letter Motion and the Meet and Confer E-mails. In addition, all Plaintiffs will be "Selected Parties" with access to the sealed documents. Thus, there is no prejudicial effect to Plaintiffs as a result of the filing of the Supplemental Memorandum and Supplemental Declaration under seal.

Therefore, because of the urgent need to protect privacy, I respectfully request that the Court allow the filing of the Supplemental Memorandum and Supplemental Declaration under seal and redacted in the manner described herein.

I sincerely thank the Court for considering this Letter Motion.

    Respectfully submitted,

    /s/ *James J. Cho*
    James J. Cho
    Law Offices of James J. Cho
    3333 Wilshire Blvd., Suite 320
    Los Angeles, CA  90010
    Telephone:  (213) 269-4684
    jclaw2214@gmail.com
    *Attorneys for Defendant*

# EXHIBIT 1

# Tapestry Inc., et al. v. Chunma USA, Inc., et al.; Meet and Confer re: Filing of Letter Motion to File Documents Under Seal



**James C** <jclaw2214@gmail.com>     Wed, Jun 24, 9:57 PM (15 hours ago)
to Brent, Colby, Monica

Dear Brent:

I filed a redacted Supplemental Memorandum of Law in Opposition to Motion for Default Judgment with a redacted version of the exhibits attached to my Supplemental Declaration as an attachment to the Supplemental Memorandum today. Then, I tried to file the same two documents under seal, but, in so doing, I realized that I needed to obtain the Court's consent to file the documents under seal. I had mis-read the Court's Individual Rules and Practices ("Court's Rules") and thought that we did not need the Court's consent for both redacting *and* filing under seal when sensitive medical information is contained in the documents.

Consequently, I am reaching out to you to meet and confer pursuant to Paragraph 7(C)(i) of the Court's Rules. I would like to attach the three documents, that were e-mailed to the Court and also forwarded to you on 6/22/2020 ("6/22 E-mail"), as Exhibits 1, 2, and 3 to my Supplemental Declaration. I also reference the same 3 exhibits in the Supplemental Memorandum.

As you know, the three documents that were attached to the 6/22 e-mail contain significantly sensitive medical information regarding me.
Previously, I had incorporated by reference the three documents attached to the 6/22 e-mail in my original Declaration and the Opposition.

As such, I am attaching the [Proposed Sealed] Supplemental Memorandum and the [Proposed Sealed] Supplemental Declaration of James J. Cho in Support of Opposition to Motion for Default Judgment with its attending exhibits. As you will see, nothing in the original Memorandum and my Declaration will change, they are merely being supplemented with exhibits that have been already sent to you on 6/22.

And, of course, all Plaintiffs will be "Selected Parties" with access to the sealed documents. I request that you please find the filing of the Supplemental Memorandum and Declaration, under seal, as agreeable.

I also ask that you please get back to me as soon as you are able.

Thank you.

Best regards,
James

--

James J. Cho

LAW OFFICES OF JAMES J. CHO

3333 Wilshire Blvd., Suite 320

Los Angeles, CA  90010


Tel:    (213) 269-4684

Fax:   (213) 269-4757

Email:  jclaw2214@gmail.com


CONFIDENTIALITY NOTICE:

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication may be strictly prohibited and punishable by the law. If you have received this communication in error, please notify the sender immediately and destroy the communication including any attachments. Thank you.

## 2 Attachments



**James C <jclaw2214@gmail.com>**  1:02 PM (23 minutes ago)
to Brent, Colby, Monica

Dear Brent:

As a follow-up to my yesterday's email to you, Exhibit 1 attached to the Proposed Declaration highlights the portions of the document that I would like redacted.  Specifically, I would like to redact paragraph 3 of Exhibit 1, as I should have e-mailed the described document therein to the Court. The entirety of Exhibits 2 and 3 should also be redacted and sealed for privacy purposes. Also, for some reason, I was unable to highlight the entire text of Exhibit 2.

I ask that you please respond to yesterday's and this email before the close of business today.



**James C <jclaw2214@gmail.com>**     1:25 PM (0 minutes ago)
to Brent, Monica, Colby

Dear Brent,

I just spoke to Ms. Colby Meagle by telephone regarding the meet and confer. She has conveyed to me that you are agreeable to the sealing and redacting of the Supplemental Memorandum and the Supplemental Declaration in the manner described in my previous two emails to you.

If the above does not comport to your understanding of what you conveyed to Ms. Meagle, I ask that you please respond to this email as soon as possible.

Thank you for your professional courtesy and cooperation.

Best regards,
James

## CERTIFICATE OF SERVICE

I, Jim J. Cho, hereby certify that on June 25, 2020, I served the foregoing by operation of the Court's CM/ECF system, which will serve all counsel of record.

/s/ *James J. Cho*
James J. Cho