```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TAPESTRY, INC. et al.,                                                 :
                                                                       :
                        Plaintiffs,                                    :
                                                                       :       20-CV-0271 (JMF)
                -v-                                                    :
                                                                       :       MEMORANDUM OPINION
CHUNMA USA, INC. et al.,                                               :          AND ORDER
                                                                       :
                        Defendants.                                    :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC — the makers of Coach handbags and other products — bring claims against Chunma USA, Inc. ("Chunma"), for trademark infringement, false designation of origin, false advertising, and cancellation of Chunma's registered trademarks under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; unfair competition and trademark infringement under New York state common law; and injury to business reputation under New York's General Business Law. Plaintiffs allege that Chunma has designed, manufactured, and sold products bearing logos that infringe upon Coach's trademarks, including its well-known "Signature C" mark. Chunma now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Sixth and Seventh Causes of Action, which seek cancellation of three of Chunma's registered trademarks, namely U.S. Reg. No. 3,567,675 (the "'675 Mark"), U.S. Reg. No. 4,229,549 (the "'549 Mark"), and U.S. Reg. No. 4,577,077 (the "'007 Mark). *See* ECF No. 66. Plaintiffs' claim for cancellation of the '675 Mark is based on fraud in obtaining the trademark registration and misrepresentation of source, *see* ECF No. 65 ("SAC"), ¶¶ 71-81, whereas their claim for cancellation of the '549 and '007 Marks is based on misrepresentation of

source alone, *id.* ¶¶ 82-87.  For the reasons that follow, Chunma's motion to dismiss these claims is denied.

First, Plaintiffs state a claim for cancellation of Chunma's '675 Mark — the Sixth Cause of Action of their Second Amended Complaint ("Complaint") — on the ground that Chunma made a material misrepresentation in its trademark registration application.  *See id.* ¶¶ 74-75.  An aggrieved party may petition to cancel a trademark registration at any time on the ground that the registration was fraudulently obtained.  15 U.S.C. § 1064(3).  "Fraud in procuring a trademark registration . . . occurs when an applicant knowingly makes false, material representations of fact in connection with [its] application."  *MPC Franchise, LLC v. Tarntino*, 826 F.3d 653, 658 (2d Cir. 2016) (internal quotation marks omitted).  A material misrepresentation in this context is "one that would have affected the PTO's action on the application[]."  *Orient Exp. Trading Co. v. Federated Dep't Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988).  Here, Plaintiffs plead that Chunma "made a false material misrepresentation to the USPTO in its application filed on July 16, 2008, that [its] mark was 'first used in commerce at least as early as 06/18/2008,' and [wa]s . . . in use in such commerce" as of the application date.  SAC ¶ 74.  In reality, the Complaint alleges, "there was no bona fide commercial use of the mark in the United States until . . . [approximately] January 29, 2014."  *Id.* ¶ 75.  These allegations are sufficient to state a plausible claim for cancellation of the mark.  *See, e.g.*, *Chere Amie, Inc. v. Windstar Apparel, Corp.*, No. 01-CV-0040 (WHP), 2002 WL 31108187, at *1 (S.D.N.Y. Sept. 23, 2002) (noting that "the Lanham Act authorizes trademark registration only for marks that are used 'in commerce'" (quoting 15 U.S.C. § 1051)).

Chunma's counterarguments are unpersuasive.  To be sure, Chunma is correct in noting that Paragraph 73 of the Complaint cites a version of 37 C.F.R. § 2.56 — the regulation governing specimens — that post-dates the filing of Chunma's application for the '675 Mark.  *See* ECF No. 68 ("Def.'s Mem."), at 5-8.  But this error does not support dismissal of the Sixth Cause of Action for

at least three independent reasons. First, as previously stated, Plaintiffs' allegation that Chunma falsely stated that the '675 Mark was used in commerce before the filing of its application suffices, standing alone, to state a claim for cancellation of the mark. Second, Plaintiffs also allege that Chunma falsely and materially misrepresented the specimen that it submitted alongside its application as a "SCANNED ACTUAL TAG" when, in fact, it was merely a "computer illustration, digital image, or similar mockup." SAC ¶ 74 (internal quotation marks omitted). Plaintiffs suggest that this mischaracterization of the specimen contributed to the "improper[] issu[ance]" of "the registration for the '675 Mark." *Id.* ¶ 75 That is, interpreting the Complaint in the light most favorable to Plaintiffs — as the Court must, *see, e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019) — Plaintiffs plausibly allege that this mischaracterization of the specimen that Chunma submitted was itself a material misrepresentation, without regard to whether the specimen was proper under then-existing regulations.

Third and finally, even under the regulation that was in effect at the time of Chunma's application, "a photocopy of the drawing" of the trademark was not an acceptable specimen. 37 C.F.R. § 2.56(c) (2008). And significantly, the United States Patent and Trademark Office's Trademark Manual of Examining Procedure ("T.M.E.P."), published in 2007, explicitly stated that "the specimen may not be a 'picture' of the mark, such as an artist's drawing or a printer's proof that merely illustrates what the mark looks like" — substantially similar to the language that was later incorporated into the version of 37 C.F.R. § 2.56(c) that Plaintiffs quote in Paragraph 72 of the Complaint. T.M.E.P. § 904.04(a) (5th ed. 2007); *see In re Chica, Inc.*, 84 U.S.P.Q.2d 1845, 2007 WL 2344668, at *2 (T.T.A.B. 2007). Because Plaintiffs allege that Chunma submitted only a mockup of the '675 Mark — akin to an artist's drawing or a printer's proof — with its application, SAC ¶ 74, they adequately plead that Chunma's submissions violated the then-current trademark application requirements. For these reasons, Plaintiffs' failure to cite the correct version of 37

3

C.F.R. § 2.56 in the Complaint is immaterial. (It follows that there is no need for Plaintiffs to amend the Complaint to correct the erroneous citation, as they offer to do. *See* ECF No. 70 ("Pls.' Opp'n"), at 3.)

Chunma's next argument — that Plaintiffs' Sixth and Seventh Causes of Action must be dismissed because "goods" are beyond the scope of 15 U.S.C. § 1052(a), *see* Def.'s Mem. 8-9 — is easily rejected. As Plaintiffs point out in their opposition, *see* Pls.' Opp'n 5, they explicitly allege that Chunma's marks "falsely suggest a connection with Plaintiffs" themselves, not merely with Plaintiffs' goods. SAC ¶ 86; *see also id.* ¶ 80.

By contrast, Chunma's final argument — that Plaintiffs fail to state a claim for cancellation of the '549 and '077 Marks based on misrepresentation of source — presents a close question. As Chunma touched on in its opening brief and argued more fully in its reply brief, *see* ECF No. 71 ("Def.'s Reply"), at 5-7,[1] it is well established that "allegations . . . of the type that typically support a claim of likelihood of confusion under Section 2(d)" do not suffice to state a claim for cancellation of an incontestable mark based on misrepresentation of source under Section 14(3), *Otto Int'l, Inc. v. Otto Kern GmbH*, 83 U.S.P.Q.2d 1861, 2007 WL 1577524, at *4 (T.T.A.B. 2007); *see also* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 20:60 (5th ed. 2021) ("The Trademark Board will reject a section 2(d) claim masquerading as a section 14(3) misrepresentation of source claim."). Significantly, even intentional copying of a plaintiff's trademark does not, standing alone, state a misrepresentation claim. *See McDonnell Douglas Corp. v. Nat'l Data Corp.*, 228 U.S.P.Q. 45, 1985 WL 71955, at *2 (T.T.A.B. Oct. 31, 1985) (dismissing a cancellation claim premised on allegations that the respondent "willfully and deliberately adopted and used . . . a simulation and colorable imitation of [the] petitioner's" trademark, "with full

---

[1] Because Chunma did not fully develop this argument in its opening brief, the Court permitted Plaintiffs to file a sur-reply brief addressing this issue. *See* ECF Nos. 74-75.

4

knowledge of [the] petitioner's use"). Instead, a plaintiff must plead "specific facts reflecting [the] defendant's] activity that, if proved, would amount to an attempt to create the impression that [the plaintiff] is the source of [the defendant's] services" or goods. *Otto*, 83 U.S.P.Q.2d 1861, at *3 (internal quotation marks omitted).

For example, in *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284 (4th Cir. 2021), the defendant not only sold its product under the same name and with very similar trade dress as the plaintiff's products, but it also developed a telemarketing script to create the misimpression that the defendant's product was the same popular pain medication that the plaintiff sold in Mexico and in other parts of Latin America. *See id.* at 290. Similarly, in *Cuban Cigar Brands N. V. v. Upmann International, Inc.*, 457 F. Supp. 1090 (S.D.N.Y. 1978), *aff'd*, 607 F.2d 995 (2d Cir. 1979), the defendant emblazoned its cigar boxes with a logo that more closely approximated the plaintiff's trademark than the defendant's own registered trademark, *and* the defendant also distributed brochures implying that production of its cigars had relocated from Havana — from which the plaintiff's cigars came — to Honduras, when in fact, the defendants' cigars were never manufactured in Havana at all. *See id.* at 1092-93, 1099, 1101; *see also E.E. Dickinson Co. v. T.N. Dickinson Co.*, 221 U.S.P.Q. 713, 1984 WL 63740, at *2-3 (T.T.A.B. Jan. 5, 1984) (holding that the petitioner, which manufactured the Dickinson's brand of witch hazel, stated a claim for trademark cancellation by alleging that the respondent, which manufactured the T.N. Dickinson's brand of witch hazel, had changed its packaging over time to obscure the "T.N." portion of its logo and to more closely imitate other elements of the petitioner's trade dress). In sum, something more than even willful use of a trademark likely to create confusion as the source of the goods is required.

Measured against these standards, the Complaint narrowly states a claim for cancellation based on misrepresentation of source. Plaintiffs plead that Chunma sells "products bearing logos and source-identifying indicia and design elements that are studied imitations of [Plaintiffs' well-

5

known] Signature C Mark," with "reckless disregard or willful blindness to Plaintiffs' rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Signature C Mark" and to "deceive consumers, the public, and the trade into believing that there is a connection or association between [Chunma] . . . and [the] Coach" brand.  SAC ¶ 29, 33-34.  The Complaint also contains images showing close similarities between Plaintiffs' trademarks and some of Chunma's products (although it does not specify which registered Chunma trademarks the products depicted bear).  *See id.* ¶ 16, 30.  Viewed together and in the light most favorable to Plaintiffs, these allegations support an inference that Chunma "deliberately sought to pass off its goods as those of [Plaintiffs]."  *Belmora*, 987 F.3d at 298 (internal quotation marks omitted).  Accordingly, Plaintiffs' Seventh Claim for Relief survives dismissal.  The Court notes, however, that Plaintiffs ultimately bear a heavy burden to prove this claim by clear and convincing evidence, *see MPC Franchise*, 826 F.3d at 658, and proof that Chunma "willfully . . . adopted and used . . . [a] colorable imitation" of Plaintiffs' mark will not suffice, *McDonnell Douglas*, 1985 WL 71955, at *2.

      For the foregoing reasons, Chunma's motion to dismiss Plaintiffs' Sixth and Seventh Claims for Relief is DENIED.  The Clerk of Court is directed to terminate ECF No. 66.

SO ORDERED.

Dated: April 19, 2021
      New York, New York

                                     JESSE M. FURMAN
                                     United States District Judge